## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**SAFEPOINT INSURANCE COMPANY**                    CIVIL ACTION

**VERSUS**                                                            No. 21-2283

**MEGHAN MERCADEL**                                         SECTION I

### ORDER & REASONS

Before the Court is defendant, Meghan Mercadel's ("Mercadel"), motion[1] for a new trial. Plaintiff, Safepoint Insurance Company ("Safepoint"), opposes[2] the motion. For the following reasons, the Court denies Mercadel's motion.

### I.    BACKGROUND

Safepoint issued a homeowner's insurance policy to Mercadel, bearing policy number SLAD3010230-01, which was effective from May 17, 2021 through May 17, 2022.[3] The policy provided Mercadel with coverage against certain risks relating to the property located at 4743 Francis Drive, New Orleans, Louisiana.[4] The policy provided $162,000.00 in coverage to the dwelling, $4,000.00 in coverage to personal property, and $16,200.00 in coverage for fair rental value.[5]

---

[1] R. Doc. No. 41.
[2] R. Doc. No. 43.
[3] R. Doc. No. 1, at 2.
[4] *Id*.
[5] *Id*.

Mercadel alleges that the interior and exterior of the property sustained windborne damage on August 29, 2021.[6] Safepoint inspected the property on October 18, 2021, and issued payment to Mercadel in the amount of $33,955.66.[7]

On December 9, 2021, "due to [an] obvious dispute" as to the amount of loss claimed by Mercadel after payment was tendered, Safepoint sent a letter to Mercadel invoking the policy's appraisal provision and appointing its own appraiser.[8] Safepoint requested an inspection of the property by an engineer due to Mercadel's new claims of foundation damage, and it requested copies of receipts and proof of repairs made to the property after the alleged loss.[9]

Despite Safepoint's demand based on the language of the policy, Mercadel made it clear that she would not comply with the appraisal process, and she would not appoint an appraiser.[10] Rather than appointing an appraiser and proceeding with the appraisal process, Mercadel demanded $250,000.00 for contractual and extra-contractual damages.[11] Mercadel provided little to no documentation justifying this figure, other than vague contractor estimates seeking $108,222.00 for repairs, and she has refused to allow an engineer and appraiser to inspect the property pursuant to the appraisal provision in the policy.[12]

---

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.* at 3.

[11] *Id.*

[12] *Id.*

On December 10, 2021, Safepoint filed its complaint for declaratory judgment.[13] On January 4, 2022, Safepoint filed an executed summons into the record.[14] The summons reflects that Mercadel was served on December 15, 2021.[15]

On February 16, 2022, Mercadel filed a motion to dismiss based on insufficiency of service of process.[16] Safepoint filed an initial opposition,[17] as well as a supplemental memorandum,[18] and a supplemental proof of service.[19] On March 11, 2022, the Court denied Mercadel's motion to dismiss.[20] With the benefit of Safepoint's supplemental proof of service, the Court determined that unrebutted evidence demonstrated that Safepoint's process server—a licensed private detective—personally served Mercadel at the address where she claimed to reside.[21] The Court concluded that Safepoint's subsequent efforts had addressed the allegedly insufficient service of process that Mercadel challenged.[22]

---

[13] *Id.*
[14] *Id.* at 5.
[15] *Id.* at 2.
[16] R. Doc. No. 12. On January 15, 2022, Mercadel previously filed a motion to dismiss, *see* R. Doc. No. 7, but that motion was marked deficient by the clerk's office. *See* Dkt. Entry of January 18, 2022.
[17] R. Doc. No. 18.
[18] R. Doc. No. 27.
[19] R. Doc. No. 20, at 2.
[20] R. Doc. No. 28.
[21] *Id.* at 1–4.
[22] *Id.* at 4.

On March 24, 2022, Safepoint moved for the entry of default against Mercadel.[23] On March 29, 2022, the Clerk of Court granted Safepoint's motion.[24] On April 1, 2022, Safepoint filed a motion for default judgment.[25]

On April 12, 2022, the Court held a telephone status conference,[26] as previously ordered in the scheduling order governing this case.[27] Safepoint's counsel participated in the status conference. Mercadel's counsel failed to appear.[28] The Court discussed Safepoint's pending motion for default judgment. Further, Safepoint agreed to submit a list of names for the Court to consider in connection with Safepoint's request to appoint an umpire with respect to the insurance dispute underlying this litigation. Safepoint subsequently filed its list of candidates.[29]

On June 17, 2022, this Court granted Safepoint's motions for a default judgment and a declaratory judgment, declaring that Safepoint was entitled to an inspection of the property and to all evidence related to property repairs with respect

---

[23] R. Doc. No. 29. This motion was Safepoint's second motion for entry of default. *Id.* The Court previously denied Safepoint's first motion for the entry of default. *See* R. Doc. No. 14.

[24] R. Doc. No. 30.

[25] R. Doc. No. 32.

[26] R. Doc. No. 35.

[27] R. Doc. No. 24 (scheduling order). Mercadel's counsel participated in the March 8, 2022 scheduling conference with the Court's case manager. The Court docketed the scheduling order, as well as notice stating the date and time of the Court's April 12, 2022 telephone status conference. *See* R. Doc. No. 25.

[28] R. Doc. No. 35. In advance of the status conference, Court staff contacted both of Mercadel's counsel of record via e-mail to request a telephone number for the conference, but counsel did not respond. *Id.* at 1 n.1. Neither of Mercadel's counsel contacted chambers on April 12, 2022 to participate in the conference. *Id.*

[29] R. Doc. No. 36.

to the August 29, 2021 loss.[30] The Court further ordered that Larry Bree McCorkle

be selected as the umpire to proceed with an appraisal of the property.[31]

On July 15, 2022, 28 days after the entry of default judgment, Mercadel filed

a motion for a new trial pursuant to Federal Rule of Civil Procedure 59.[32] The motion

consisted of two pages, with no memorandum in support attached. The sole discussion

of grounds for Mercadel's motion consisted of one paragraph, which stated that:

> Meghan Mercadel, herein files the instant Rule 59 Motion, from
> the final judgment entered June 17, 2022, for the Plaintiffs' failure
> to communicate with Defendant, lead defendant to believe that
> they were scheduling an inspection, and then subsequently,
> unilaterally submit an appraisal award without performing the
> inspection that was the subject of these proceedings. For this and
> other reasons that Defendant will make known upon further
> proceedings, Defendant files the instant motion.[33]

On July 18, 2022, the Clerk's office filed a "Notice of Deficient Document,"[34] on

the grounds that Mercadel's motion did not state whether it was opposed or not and—

if the motion was indeed opposed—noting that the motion "must contain clear

---

[30] R. Doc. No. 39.

[31] *Id.* at 2.

[32] R. Doc. No. 40.

[33] *Id.*

[34] "Pursuant to the 'Unique Procedures and Practices for Electronic Filing,' which
were established by the Eastern District of Louisiana and are part of the procedures
mandated in Local Rule 5.7, the Clerk's Office will notify all parties that a filed
document is deemed deficient by way of a 'Notice of Deficient Document.' Thereafter,
'[a] deficient document must be corrected and re-filed in its entirety within seven (7)
calendar days; otherwise, it may be stricken by the Court without further notice.'"
*Matter of Honey Island Adventure, L.L.C.*, No. 16-10728, 2017 WL 661268, at *1 (E.D.
La. Feb. 17, 2017) (Brown, C.J.) (citing *Administrative Procedures for Electronic Case
Filings and Unique Procedures and Practices for Electronic Filings*, U.S. DIST. CT.
E.D. LA. 9 (Mar. 2015), https://www.laed.uscourts.gov/case-information/procedures-
and-practices-e-filing).

language of opposition and have a Memorandum in Support and Notice of Submission attached."[35] The notice of deficient filing referred counsel to deficiency code "D12"[36] which states that, pursuant to Local Rule 7.4 of the United States District Court for the Eastern District of Louisiana, "[a]ll contested motions must be accompanied by separate memoranda which must contain a concise statement of reasons supporting the motion and citations of authorities."[37] The Clerk's office noted that Mercadel's motion "must be refiled in its entirety within seven(7) [*sic*] calendar days; otherwise, it may be stricken by the court without further notice."[38]

Mercadel was granted until July 25, 2022 to re-file her motion. Mercadel filed her corrected motion for a new trial on July 25, 2022, noting that the motion was opposed and attaching a memorandum of support and notice of submission.[39] Safepoint filed its opposition on August 8, 2022.[40]

## II.    LAW & ANALYSIS

### A.    Motion for a New Trial Pursuant to Rule 59

Mercadel filed her motion for a new trial pursuant to Rule 59. Rule 59 states, in pertinent part:

> (e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

---

[35] Dkt. entry of July 18, 2022.
[36] *Deficiency Codes*, U.S. DIST. CT. E.D. LA., http://www.laed.uscourts.gov/cmecf/Deficiency/deficiency.htm#Memorandum%20not%20provided (last accessed August 16, 2022).
[37] LR 7.4.
[38] Dkt. entry of July 18, 2022.
[39] R. Doc. No. 41.
[40] R. Doc. No. 43.

A motion for a new trial under Rule 59 "must be filed no later than 28 days after the entry of judgment." *Id.* Mercadel filed her motion for a new trial pursuant to Rule 59 on July 15, 2022—the last day of the 28-day period after this Court entered default judgment in favor of Safepoint.[41] However, as noted above, Mercadel's motion was marked as deficient by the Clerk's office for failing to meet the requirements of Local Rule 7.4. Mercadel's corrected motion was filed ten days later, on July 25, 2022, and therefore ten days *after* the end of the 28-day period allowed by Rule 59.

In *Darouiche v. Fidelity National Insurance Company*, 415 F. App'x 548 (5th Cir. 2011), the Fifth Circuit held that even though the plaintiff's Rule 59 motion for a new trial was filed on the last day of the 28-day period and was subsequently marked as deficient, his motion was timely for the purposes of Rule 59. The Fifth Circuit noted that "[l]ocal rules generally have the force of law 'as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution[,]'" *id.* at 552 (internal citation omitted), and it cited Rule 83, which states that "[a] local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply." Fed. R. Civ. P. 83(a)(2). Thus, the court concluded, as the "local rule implicated [in *Darouiche*] [was] a requirement of form only[,]" there was no evidence that the plaintiff had willfully failed to abide by the requirements of the local rule, and he would lose his right to appeal if the rule was strictly enforced, the plaintiff's motion

---

[41] R. Doc. No. 38.

was properly considered timely filed. *Darouiche*, 415 F. App'x at 552.

In *Darouiche*, the local rule at issue "require[d] a proposed order to be electronically filed as a separate attachment." *Id.* The Fifth Circuit—considering Rule 83's mandate that a local rule pertaining to form must not be enforced in such a way as to cause a party to lose a right—concluded that if such a "minor formatting error" were to render the motion "too insufficient to be considered [it] would unjustifiably elevate form over substance." *Id.*

The Advisory Committee Notes to Rule 83 state that the language of the rule does not "affect the court's power to enforce local rules that involve more than mere matters of form--for example, a local rule requiring parties to identify evidentiary matters relied upon to support or oppose motions for summary judgment." Fed. R. Civ. P. 83, Advisory Committee Notes, 1995 Amendment. As another section of this Court held in *Dorvin v. 3901 Ridgelake Drive, LLC*, No. 11-696, 2012 WL 3065453 (E.D. La. July 27, 2012) (Lemelle, J.), "the *Dairouche* decision, referencing Fed.R.Civ.P. 83, does not create an exception for substantive deficiencies." *Id.* at *3. In *Dorvin*, the Court concluded that, in light of the Advisory Committee Notes, the defendant's failure to include a statement of the material facts in his opposition to a motion for summary judgment, in contravention of Local Rule 56.2, was a *substantive* deficiency and therefore within the Court's authority to strike as deficient. *Id.*

Here, as in *Dorvin*, the deficiency identified in Mercadel's initial motion for a new trial is not one of mere form, but is instead one of *substance*. The content of Mercadel's initial motion for a new trial, filed on July 15, 2022, was two pages long.

8

The entire second page was a notice of submission,[42] and there was no memorandum of support laying out Mercadel's arguments. The only arguably substantive portion of the motion was a single paragraph consisting of a few conclusory assertions and a vague reference to "other reasons" that Mercadel would "make known upon further proceedings . . . ."[43]

As noted above, Local Rule 7.4 requires all contested motions[44] "be accompanied by separate memoranda which must contain a concise statement of reasons supporting the motion and citations of authorities." LR 7.4. This requirement ensures that both the nonmovant and the Court can fully understand the movant's arguments and the authorities they rely on in making those arguments, thereby enabling the nonmovant to respond and the Court to make a final determination.[45] The deficiency identified in Mercadel's initial motion is therefore not like that identified in *Dairouche*—a picayune formatting requirement—but is instead one of substance that impacts the function of the Court and the rights of opposing parties. Accordingly, Mercadel's initial motion for a new trial is properly considered deficient. As Mercadel's corrected motion was filed after the 28 days allowed by Rule 59, Rule 59 is foreclosed to her.

---

[42] R. Doc. No. 40, at 2.

[43] *Id.* at 1.

[44] Mercadel's motion for a new trial is contested. *See* R. Doc. Nos. 41 and 43.

[45] Moreover, when a motion as bare-bones as Mercadel's initial motion for a new trial is filed, the interests of judicial economy and fairness are thwarted. The Court and nonmovant must either puzzle out the movant's arguments, or the Court must divert resources to ordering the movant to supplement their motion.

### B.   Motion for a New Trial Pursuant to Rule 60

Rule 59 is not the only avenue Mercadel may pursue for a new trial. While Rule 59 only applies to motions filed within 28 days after the entry of judgment, Rule 60 applies to motions filed after this period: "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60.

Mercadel's corrected motion for a new trial states that she seeks a new trial on the grounds that "[Safepoint's] counsel has engaged in deceptive and inappropriate practices . . . ."[46] She further asserts that Safepoint's counsel's "type of ambush or bait-and-switch [behavior] is now more clearly a pattern of behavior, that [Safepoint] and their counsel have purposefully engaged in . . . ."[47] Though Mercadel does not expressly state which of the enumerated Rule 60 grounds she seeks relief under, based on the allegations in her motion for a new trial, it appears she seeks relief under Rule 60(b)(3) for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]"

The Fifth Circuit has held that, "[t]o prevail on a Rule 60(b)(3) motion, a party must establish, by clear and convincing evidence . . . '(1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case.'" *Hernandez v. Results*

---

[46] R. Doc. No. 41-2, at 1.
[47] *Id.* at 1–2.

*Staffing, Inc.*, 907 F.3d 354, 364 (5th Cir. 2018) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978)).

Under this standard, Mercadel's motion for a new trial must be denied. Mercadel has presented no evidence—beyond broad and conclusory accusations—of misconduct by Safepoint and its counsel. The record in this case indicates that Safepoint and its counsel have consistently behaved professionally and cooperatively. For instance, after Safepoint filed its complaint, Mercadel filed a motion to dismiss, alleging improper service of process under Rule 12(b)(5) and asserting that Safepoint supplied a "false attestation by the serving agent, falsely swearing" that he had personally served Mercadel at her residence.[48] Before Mercadel's motion to dismiss was submitted for decision, Safepoint filed a supplemental summons with an attached proof of service,[49] stating that Safepoint's process server personally served the summons on Mercadel at her residence.

By contrast, Mercadel and her counsel have failed to comply with this Court's orders and imposed deadlines, including failing to file a responsive pleading to Safepoint's complaint as ordered by this Court.[50] Likewise, though this Court filed an order on March 8, 2022 setting a telephone status conference for April 12, 2022, and Court staff attempted to contact Mercadel's counsel, Mercadel's counsel never responded and failed to attend the status conference.[51] There is no indication of any

---

[48] R. Doc. No. 12, at 1.
[49] R. Doc. No. 27.
[50] R. Doc. No. 28 (ordering Mercadel to serve a responsive pleading responding to Safepoint's complaint no later than March 23, 2022).
[51] R. Doc. No. 35.

fraud, misrepresentation, or misconduct[52] on the part of Safepoint or its counsel, and Mercadel and her counsel have been given many opportunities to fully and fairly present her case, all of which they have squandered. Accordingly, Mercadel is not entitled to a new trial under Rule 60.

### III.   CONCLUSION

For the reasons stated herein,

**IT IS ORDERED** that Mercadel's motion for a new trial is **DENIED**.

New Orleans, Louisiana, August 16, 2022.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[52] Fed. R. Civ. P. 60(b)(3).